UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SCARLETT LOPEZ,                                          Case No. 2:26-cv-00008

       Plaintiff,                                      Hon.  Paul L. Maloney
                                    U.S. District Judge

   v.

DAKOTA RAMSEUR,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

*Pro se* Plaintiff Scarlett Lopez filed this lawsuit against Defendant Dakota Ramseur.  ECF No. 1.  Plaintiff's complaint, including signature, is one page in length.  Plaintiff alleges that Defendant conspired to violate her due process rights. The complaint states as follows:

1

1. Upon information and belief, Defendant conspired with individuals in 101013/2022 by having ex parte communication,

2. Defendant is in violation of due process,

3. This Court has jurisdiction under federal law.

4. Plaintiff demands jury on all issues and with compensation not lower than $500,000.

### VERIFICATION

The undersigned declares under penalty of perjury that she is the plaintiff in the above action, that she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746, 18 U.S.C. § 1621.

Executed on: 1/1/26

ECF No. 1.

On January 20, 2026, Plaintiff was granted *in forma pauperis* status.  ECF No. 5.

## II.  Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355

U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Id.*  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Although the plausibility standard is not equivalent to a "probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III.    Analysis

Federal Courts only have jurisdiction when the lawsuit raises a federal question under 28 U.S.C. § 1331, or when the underlying action is within the Court's diversity jurisdiction under 28 U.S.C. § 1332.  Although Plaintiff raises a due process claim, she asserts no allegations that could support a federal cause of action.  Plaintiff merely alleges that her due process rights were violated because of "ex parte" communications.  ECF No. 1.  Vague and conclusory allegations unsupported by material facts are insufficient.  *Twombly*, 550 U.S. at 565; *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008).  Additionally, Plaintiff has failed to assert diversity jurisdiction.

Plaintiff's complaint fails to properly assert jurisdiction and fails to make allegations which could plausibly state a claim for relief.

## IV.    Recommendation

Accordingly, the undersigned respectfully recommends that the Court dismiss the complaint because it is frivolous and fails to state a claim upon which relief may be granted.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn,* 474 U.S. 140 (1985).

Dated:   January 22, 2026                          /s/ *Maarten Vermaat*
                                                                    MAARTEN VERMAAT
                                                                    U. S. MAGISTRATE JUDGE

4